# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD MCKEE, | ) | CASE NO. 4:19-CV-479 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| MARK WILLIAMS, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Petitioner Richard McKee ("McKee") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The Office of the Federal Public Defender has since entered an appearance and filed a memorandum in support of McKee's petition. (Doc. No. 2.)[1] By his petition and memorandum in support, McKee seeks to compel the Bureau of Prisons ("BOP") to immediately recalculate his sentence to correct his award of good time credit in accordance with the First Step Act of 2018, P.L. 115-391.

McKee is a federal prisoner who is currently serving a term of imprisonment at the Federal Correctional Institution—Elkton, located in Lisbon, Ohio. McKee is projected to be released from custody on June 23, 2019. *See* https://www.bop.gov/inmateloc/ (lasted visited on June 18, 2019). In his petition, McKee argues that the BOP should be compelled to immediately recalculate his sentence to allow him to take advantage of recent amendments affecting the manner in which federal inmates accumulate good time credits. The First Step Act, which was

---

[1] This subsequent filing does not change the Court's analysis of McKee's motion.

enacted on December 21, 2018, amended 18 U.S.C. § 3624(b)(1) to change the manner in which such credits are calculated by increasing the maximum allowable good time credit from 47 to 54 days per year. According to McKee, application of the new amendments would result in an earlier expected release date. While McKee acknowledges that he has bypassed the BOP's administrative review process and sought immediate relief from this Court, he insists that if his sentence is not immediately recalculated, he will not be able to take advantage of the benefits afforded by the amendments to the First Step Act.

McKee's petition is DENIED. First, McKee admits that he has not taken steps to exhaust his administrative remedies available within the BOP. Federal prisoners have a specific administrative remedy procedure by which they can present their claims to prison officials. 28 C.F.R. §§ 542.13, *et seq*. (the administrative remedy program allows inmates to seek administrative review of an issue relating to any aspect of an inmate's confinement); *see Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). The BOP administrative review is initiated when an inmate seeks informal resolution at the federal facility where he is confined, and is completed when the Office of General Counsel issues its final decision, following appeal to the warden and the BOP. 28 C.F.R. §§ 542.13, 524.14, 524.15, 542.15(a). Before he may seek habeas relief under § 2241, a prisoner must first exhaust his administrative remedies with the BOP. *Luedtke*, 704 F.3d at 466.

The exhaustion requirement ensures that the BOP has an opportunity to review and potentially revise its decisions before litigation is commenced. This preserves judicial resources and the autonomy of the administrative process. It also ensures that the court reviewing the agency's final decision is doing so on the basis of a completely developed record. *Noriega-Lopez*

*v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996). Because McKee concedes that he did not pursue, much less exhaust, his administrative remedies prior to filing his petition, dismissal of his petition is warranted for this reason alone. *See, e.g., Sennett v. Quintana*, No. 5:19-085-JMH, 2019 WL 1085173, at *2 (E.D. Ky. Mar. 7, 2019).

However, even if McKee had exhausted his administrative remedies, his petition would be subject to dismissal for the additional reason that the relief he seeks is not yet available. As set forth above, the amendments to the First Step Act will accelerate the manner in which inmates earn good time credits against their prison sentence, effectively abrogating *Barber v. Thomas*, 560 U.S. 474, 130 S. Ct. 2499, 177 L. Ed. 2d 1 (2010). But this provision has yet to take effect. Section 102(b)(2) of the First Step Act specifically provides that the amendments made in subsection 102(b) take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, Section 102(b)(1) will not take effect until July 2019. The fact that McKee is set to be released in June 2019 does not change the fact that the Court cannot afford McKee relief that is not yet available. *See, e.g., Sheppard v. Quintana*, No. 5:19-084-DCR, 2019 WL 1103391 (E.D. Ky. Mar. 8, 2019) (rejecting similar argument and denying as premature request for relief under § 102(b)(1)).

For all of the foregoing reasons, the petition for a writ of habeas corpus (Doc. No. 1) is DISMISSED. Further, the Court CERTIFIES, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue

a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    **IT IS SO ORDERED**.

Dated: June 20, 2019

    **HONORABLE SARA LIOI**
    **UNITED STATES DISTRICT JUDGE**